CYRIL M. MIZLA v. DOMINIC DEPALO ET AL.

COTTER, C. J., BOGDANSKI, PETERS, HEALEY and PARSKEY, Js.

Argued November 12, 1980—decision released January 27, 1981

*Marvin M. Horwitz,* with whom, on the brief, was *Scott A. Garver,* for the appellants (defendants).

*Robert W. Gordon,* with whom, on the brief, was *Lawrence A. Fiano,* for the appellee (plaintiff).

ARTHUR H. HEALEY, J. This is an action involving the Connecticut Marketable Record Title Act, General Statutes §§ 47-33b through 47-33*l*. The plaintiff challenged, in the first count of his complaint,[1] the validity of a notice of claim filed in the Norwich land records by the defendants pursuant to General Statutes § 47-33f (a).[2] Both parties filed motions

---

[1] The plaintiff's complaint was in two counts: the first count challenged the validity of the notice of claim of interest in land filed by the defendants. The second count alleged the slandering of the plaintiff's title by the filing of the notice of claim. The trial court found for the defendants on the second count after a trial. This appeal is from the trial court's action on the summary judgment issue under the first count only.

[2] General Statutes § 47-33f (a) provides: "(a) Any person claiming an interest of any kind in land may preserve and keep effective such interest by recording, during the forty-year period immediately following the effective date of the root of title of the person whose

for summary judgment on this issue.[3]  Judgment
was rendered in favor of the plaintiff on both
motions.  The defendants have appealed from the
final judgment rendered on the summary judgment
motions.

The defendants are the owners in fee simple of
a parcel of land situated generally northwesterly
of the plaintiff's land.  They contend that attached
to their land is a twenty-five foot wide easement
running along the westerly boundary of the plain-
tiff's land.  In claiming that this easement is a valid
easement over the plaintiff's land, the defendants
also argue that the root of title of the plaintiff's land
over which the easement is claimed is a warranty
deed recorded on June 5, 1885, in the Norwich land
records.  The warranty deed creating the easement
was recorded in the Norwich land records on May 9,
1895, and it conveyed the premises presently owned
by the defendants together with this easement of
a right of way across land remaining in the grantor
of the deed of May 9, 1895.  On July 18, 1974, the
defendants' decedent and predecessor in title
recorded in the Norwich land records an instrument
entitled "Notice of Interest in Land" in which she

---

record title would otherwise be marketable, a notice in writing, duly
verified by oath, setting forth the nature of the claim.  No disability
or lack of knowledge of any kind on the part of anyone shall suspend
the running of such forty-year period.  Such notice may be recorded
by the claimant or by any other person acting on behalf of any
claimant who is:  (1) Under a disability, (2) unable to assert a
claim on his own behalf or (3) one of a class, but whose identity
cannot be established or is uncertain at the time of filing such notice
of claim for record."

[3] The plaintiff's motion for summary judgment maintained that
there was no genuine issue of material fact with respect to the
"invalidity" of the notice of interest in land filed by the defendants.
The defendants' motion maintained the same with respect to the
"validity" of that notice.

claimed that the plaintiff's land was servient to the easement of a right of way created by the warranty deed recorded on May 9, 1895.[4]

The plaintiff brought this action contesting the legal viability of the defendants' easement as a burden on his land. He claimed that the recording of the "Notice of Interest in Land" on July 18, 1974, was ineffective as against his land because the notice was not filed on or before July 1, 1971, in accordance with General Statutes § 47-33l.[5]

The trial court ruled in favor of the plaintiff's motion for summary judgment. In its memorandum of decision, the court apparently believed that both parties agreed that the plaintiff's root of title was a deed recorded in 1895. In its memorandum, the court said, "[t]here are no disputed facts in this action. Both parties have sought summary judgments. The Defendant admits in paragraph eight of its submitted affidavit [on the defendants' motion for summary judgment] and in paragraph one of its memorandum that the Plaintiff's root of title is a deed recorded in 1895. . . . The Defendants themselves have conceded that the true 'root of title' of the Plaintiff exists in the 1895 recording. . . ."[6]

---

[4] The "Notice of Claim of Interest" filed on July 18, 1974, claimed a twenty-five foot easement over the plaintiff's land and a ten foot easement over land of Joseph Dembo and Frances Segal, which latter strip abuts the plaintiff's land on the west. Neither Joseph Dembo nor Frances Segal is a party to this action. We now deal, as did the trial court, only with the twenty-five foot strip of the plaintiff's land which the defendants claim is servient to the easement recorded on May 9, 1895.

[5] General Statutes § 47-33l provides: "If the forty-year period specified in sections 47-33b to 47-33k, inclusive, has expired prior to two years after July 1, 1969, such period shall be extended two years after July 1, 1969."

[6] In oral argument before us, both counsel agreed that in both instances just quoted, "1895" should have been "1885."

Upon review, the defendants' motion for summary judgment shows that the defendants claimed that the plaintiff's root of title was not recorded in 1895, but was recorded in 1885. In fact, there is nothing before us to indicate that either party alleged in the trial court that the plaintiff's root of title was recorded in 1895. Since the trial court's decision on the summary judgment motions was based on the mistaken belief that the plaintiff's root of title was recorded in 1895, it was clearly erroneous. See Practice Book § 3060D; see also *Stoni* v. *Wasicki*, 179 Conn. 372, 377, 426 A.2d 774 (1979).[7]

In his motion for summary judgment, the plaintiff did not set forth what he claimed as his root of title. For the first time, he now strongly argues in this court, on the basis of a sketch of the property involved introduced by the defendants in the trial court, that his root of title is "a title transaction recorded in [the] Norwich Land Records, Book of Wills, Page 90" in 1896, and referred to in a deed recorded on February 18, 1905.

The date of the plaintiff's root of title of that land over which the defendants claim the easement (hereinafter servient estate) is dispositive of this appeal.[8] The Marketable Record Title Act provides that: " 'Root of title' means that conveyance or other title transaction in the chain of title of a

---

[7] In its "Memorandum of Decision on Defendant's Motion to Reopen the (Summary) Judgment" the trial court said "[t]he root of title, the defendants claim, is a deed recorded June 5, 1885 . . . ." The trial court denied the motion to reopen which alleged that the decision on the motion for summary judgment "was based upon the misinterpretation of the facts and law."

[8] We have had occasion to observe that the question of whether certain deeds and other written instruments establish record title in a party is a question of law for the court. See *Merwin* v. *Morris*, 71 Conn. 555, 42 A. 855 (1899).

person, purporting to create or containing language sufficient to transfer the interest claimed by such person, upon which he relies as a basis for the marketability of his title, and which was the most recent to be recorded as of a date forty years prior to the time when marketability is being determined. The effective date of the root of title is the date on which it is recorded." General Statutes § 47-33b (e).[9] In the present action, the date "when marketability is being determined" is July 18, 1974. Under the act, any person who has an unbroken record chain of title to an interest in land for a period of forty years, plus any additional period of time necessary to trace the title back to the latest connecting title instrument of earlier record (which is the "root of title" under the act) has a "marketable record title" subject only to those pre-root of title matters that are excepted under the statute or are caused to reappear in the latest forty year record chain of title. General Statutes § 47-33c.[10]

[9] It has been said that "[t]he ultimate purpose of all the Marketable Title Acts is to simplify land title transactions through making it possible to determine marketability by limited title searches over some reasonable period of the immediate past and thus avoid the necessity of examining the record back into distant time for each new transaction." Basye, Clearing Land Titles (2d Ed.) § 172, p. 368. The Connecticut Marketable Record Title Act was patterned upon the Model Marketable Title Act in connection with the Michigan Research Project for the improvement of conveyancing. Basye, op. cit., § 189, pp. 457-58. For a discussion of marketable title acts and the Model Marketable Title Act, see Simes & Taylor, Improvement of Conveyancing by Legislation (1960). See also Barnett, "Marketable Title Acts—Panacea or Pandemonium?" 53 Cornell L. Rev. p. 45 (1967); annot., "Marketable Title Statutes," 71 A.L.R.2d 846.

[10] General Statutes § 47-33c provides: "Any person having the legal capacity to own land in this state, who has an unbroken chain of title to any interest in land for forty years or more, shall be deemed to have a marketable record title to such interest, subject only to the matters stated in section 47-33d. A person shall be deemed to have such an unbroken chain of title when the land records

Therefore, if the plaintiff's root of title of the servient estate is a "conveyance or other title transaction" recorded after the date when the "conveyance or other title transaction" granting the easement in question to the defendants' predecessor in title was recorded, then unless one of the exceptions listed in § 47-33d apply, the defendants would have had to file a notice of claim by July 1, 1971, in order to preserve their interest. General Statutes §§ 47-33e,[11] 47-33c, 47-33f, 47-33*l*. If, however, the "conveyance or other title transaction" creating the easement was recorded after the date of the plaintiff's root of title, then the defendants' interest in the easement is still valid. General Statutes § 47-33d.[12]

of the town in which such land is located disclose a conveyance or other title transaction, of record not less than forty years at the time the marketability is to be determined, which conveyance or other title transaction purports to create such interest, or contains language sufficient to transfer the interest, either in (a) the person claiming such interest, or (b) some other person from whom, by one or more conveyances or other title transactions of record, such purported interest has become vested in the person claiming such interest; with nothing appearing of record, in either case, purporting to divest such claimant of such purported interest."

[11] General Statutes § 47-33e states: "Subject to the matters stated in section 47-33d, such marketable record title shall be held by its owner and shall be taken by any person dealing with the land free and clear of all interests, claims or charges whatsoever, the existence of which depends upon any act, transaction, event or omission that occurred prior to the effective date of the root of title. All such interests, claims or charges, however denominated, whether legal or equitable, present or future, whether such interests, claims or charges are asserted by a person sui juris or under a disability, whether such person is within or without the state, whether such person is natural or corporate, or is private or governmental, are hereby declared to be null and void."

[12] General Statutes § 47-33d provides: "Such marketable record title shall be subject to: . . . (d) any interest arising out of a title transaction which has been recorded subsequent to the effective date of the root of title from which the unbroken chain of title of record is started; provided such recording shall not revive or give validity to any interest which has been extinguished prior to the time of the recording by the operation of section 47-33e . . . ."

An examination of the record, briefs and exhibits before us leads us to the conclusion that the plaintiff's root of title of the servient estate, i.e., the land over which the defendants' easement runs, is the deed recorded in June, 1885. Concerning the 1896 "title transaction" upon which the plaintiff relies as his root of title, it suffices to point out that it relates to other land now owned by the plaintiff but not to the servient estate.[13] Thus, the defendants' interest is valid as against the plaintiff because it comes within that exception set out in General Statutes § 47-33d which provides "[s]uch marketable record title shall be subject to: . . . (d) any interest arising out of a title transaction which has been recorded subsequent to the effective date of the root of title from which the unbroken chain of title of record is started. . . ."[14] The defendants' interest arose out of the title transaction recorded in 1895 which created the easement and was subsequent to the effective date of the plaintiff's root of title, i.e., the warranty deed recorded in June, 1885, from which the unbroken chain of title of record to the servient estate started. Thus, General Statutes § 47-33l does not operate to bar the validity of the defendants' interest.

---

[13] The 1905 deed recites in part ". . . *the premises herein conveyed* being the same conveyed to Joseph Holmes by Anson Gardner by deed dated March 25, 1885, recorded in Norwich land records book 93, p. 450, title to said premises being in these grantors by distribution of the estate of said Joseph Holmes by an instrument dated July 21, 1896 recorded in Norwich land records book of wills P. 90 and by descent as sole heirs and distributees of the estate of Bessie M. Holmes, late of Norwich, deceased. . . ." (Emphasis added.) "The premises herein conveyed" in this 1905 deed did not include in any fashion the servient estate; it conveyed property situated easterly of this servient (easement) estate.

[14] The facts of this case prevent the operation of that portion of § 47-33d under which § 47-33e is applicable.

There is error, the judgment on the first count is set aside, and the case is remanded with direction to vacate the judgment on the first count for the plaintiff and to enter judgment on the first count for the defendants.

In this opinion the other judges concurred.