ROBERT O. BRANCH ET AL. *v.* ANGELO
OCCHIONERO ET AL.
(15233)

Callahan, Borden, Berdon, Norcott and Palmer, Js.

Argued March 26—officially released August 20, 1996

*Thomas J. Londregan*, with whom was *Ralph J. Monaco*, for the appellants-appellees (defendants).

*Thomas J. Riley*, for the appellees-appellants (plaintiffs).

*Jonathan S. R. Anderson* and *George Browne* filed a brief for the Connecticut Attorneys Title Insurance Company et al. as amici curiae.

BERDON, J. The plaintiffs[1] brought this action to quiet title with respect to certain property they own that lies between two parallel public roads, Pepperbox Road and Miner Lane, in the town of Waterford (Branch property), over which the defendants[2] claim a right-of-way. The plaintiffs also sought to enjoin the defendants from entering on and crossing over the Branch property. The defendants filed an answer in which they raised the special defense that the plaintiffs' title to the Branch property was subject to a right-of-way to which the defendants are successors in interest. The defendants also counterclaimed, alleging prescriptive rights over the Branch property and rights as members of the public

---

[1] The plaintiffs are Robert O. Branch, Norma F. Branch, Paul McMasters and Diana McMasters.

[2] The defendants are Angelo Occhionero and Norma Occhionero.

in that the claimed right-of-way was an old public or colonial right-of-way.

The claim of the defendants that they have a right-of-way by deed over the Branch property is based upon a May 1, 1886 deed from H. Pascal Beckwith to John Borland (1886 deed). The trial court found that in the 1886 deed, Beckwith conveyed "a certain pasture lot in said Waterford commonly called the Common Pasture containing 33 and 3/4 acres more or less . . . to John Borland." After describing the land conveyed by metes and bounds, the deed states that "said premises are subject to a right-of-way over the same to John Gardner and his heirs & [unintelligible]."[3] The 1886 deed also provides in the covenants of warranty "that the same is free from all encumbrances whatsoever except the right-of-way aforesaid . . . ."

The trial court also found the following. The plaintiffs now own the Branch property. All the deeds in the plaintiffs' chain of title, beginning with the 1886 deed to Borland, contain the reservation that the Branch property was "subject to a right-of-way over the same to John Gardner and his heirs & [assigns]." At the time the 1886 deed was executed, Gardner owned two parcels of land in Waterford. One property was immediately north and adjacent to the Branch property. The other property was a homestead and farm located one quarter of a mile south of the southwest corner of the Branch property (Gardner homestead). The defendants now own the Gardner parcel that is immediately north and adjacent to the Branch property (Occhionero property). None of the deeds in the defendants' chain of title to the Occhionero property contains any reference to a right-of-way over the Branch property.

---

[3] The trial court was unable to read, in the handwritten 1886 deed from Beckwith to Borland, the word that follows the language "heirs &," but assumed it was "assigns," as did the parties. Likewise, we will assume that the unintelligible word is "assigns."

The trial court rejected the defendants' claim that they possess a right-of-way by virtue of the 1886 deed, reasoning that the attempted conveyance of the right-of-way violated the unity of title doctrine.[4] The trial court also concluded that even if the right-of-way was not precluded by the unity of title doctrine, it was extinguished by operation of the Marketable Title Act (act),

---

[4] The unity of title doctrine provides that " '[n]o right-of-way appurtenant can be created without a dominant as well as a servient estate' and that '[t]he way can become legally attached to the dominant estate only if the same person has unity of title to both the way and the dominant estate.' *Curtin* v. *Franchetti*, 156 Conn. 387, 389, 242 A.2d 725 (1968)." *Ozyck* v. *D'Atri*, 206 Conn. 473, 474, 538 A.2d 697 (1988).

The trial court applied the unity of title doctrine to the claimed easement, and decided that "no right-of-way in favor of John Gardner, or any land owned by John Gardner, was created by the [1886 deed]" because there was no unity of title. The defendants had argued to the trial court that the unity of title doctrine should not be decisive in this case because "it is all but dead in Connecticut." The trial court, however, relied on our holding in *Ozyck*, wherein we declined to abandon the rule and "decided to defer any reconsideration of the [unity of title rule] until we are presented with an appropriate case where the intention of the grantor to create in his deed an interest in someone other than the grantee is reasonably clear." Id., 479. The trial court stated that "[e]ven if it [was] 'reasonably clear' that the grantor, H. Pascal Beckwith, intended to create an interest in John Gardner who was not the grantee of the land conveyed and a 'stranger to the title,' it is not for this trial court to change 'this fundamental principle of law'; that may be a role for the Supreme Court alone."

We may assume, without deciding, that Beckwith intended to grant to Gardner, his heirs and assigns a right-of-way over the property conveyed to Borland. As we point out in this opinion, the defendants have failed to identify which of the two parcels owned by Gardner was to be benefited by the right-of-way. Accordingly, we do not reach the question of whether we should abandon the unity of title doctrine and adopt the approach set forth in the Restatement of Property. "While we [recognize] that several commentators view the unity of title doctrine as an obsolete vestige of feudalism that frustrates the intention of the grantor; H. Harris, 'Reservations in Favor of Strangers to the Title,' 6 Okla. L. Rev. 127 (1953); 2 American Law of Property (Casner Ed. 1952) § 8.29; 5 Restatement, Property § 472, comment a; we [decide] to defer reconsideration of the subject until we are confronted with a case in which the grantor's intention to create an interest that would violate the rule is 'reasonably clear.' " *Carbone* v. *Vigliotti*, 222 Conn. 216, 223–24, 610 A.2d 565 (1992); *Ozyck* v. *D'Atri*, supra, 206 Conn. 479. This is not such a case.

General Statutes §§ 47-33b through 47-33*l*.[5] The trial court also rejected the defendants' counterclaim that they have a right-of-way to cross over the Branch property based upon prescriptive rights and a public right-of-way.[6] The plaintiffs' request for an injunction to prevent the defendants from crossing over the Branch property was also denied.

The defendants appealed to the Appellate Court from the trial court's judgment, challenging its denial of a right-of-way created by deed. The plaintiffs filed a cross appeal with respect to the trial court's failure to grant injunctive relief. We transferred the appeal and cross appeal to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c). We affirm the judgment of the trial court on different grounds.

I

Notwithstanding the trial court's conclusions that the 1886 deed violated the unity of title doctrine and that a valid right-of-way would nevertheless have been extinguished by the act, the plaintiffs argue on appeal that the defendants failed to prove the identification of the dominant estate. Although the evidence in the record is sufficient for the trial court to have made findings as to the location of the right-of-way over the servient estate—that is, the estate upon which the right-of-way is located—the trial court found that there was insufficient evidence to identify the dominant estate—that is,

---

[5] Pursuant to the act, "any person who has an unbroken record chain of title to an interest in land for a period of forty years, plus any additional period of time necessary to trace the title back to the latest connecting title instrument of earlier record (which is the 'root of title' under the act) has a 'marketable record title' subject only to those pre-root of title matters that are excepted under the statute or are caused to reappear in the latest forty year record chain of title." *Mizla* v. *Depalo*, 183 Conn. 59, 64, 438 A.2d 820 (1981). Although we ordered the parties to submit supplemental briefs on the issues raised under the act, we do not address that claim because we decide the case on other grounds.

[6] The defendants do not renew these claims on appeal.

the estate to be benefited. In order to create a right-of-way as an appurtenance to the dominant estate, both the dominant and servient estates must be identified. See *Carbone* v. *Vigliotti*, 222 Conn. 216, 221–22, 610 A.2d 565 (1992); 5 Restatement, Property § 453, comment a (1944) ("[i]n order that an easement may be an easement appurtenant, it must have been created to benefit the owner of it as the possessor of a particular tract of land").

As noted previously, the trial court found that at the time of the grant of a right-of-way in the 1886 deed, Gardner owned two parcels of land in Waterford. In addition to the Occhionero property, he owned the Gardner homestead, which was located one quarter of a mile south of the southwest corner of the Branch property. The trial court, in its discussion of the defendants' claim of an easement by prescription, specifically found that the "[d]efendants failed to establish that the claimed use of the right-of-way over the Branch property was as an appurtenance to the [Occhionero] property. There is no evidence the Gardners used or claimed the right-of-way as an appurtenance to [the Occhionero] property. Although the [Occhionero property] is contiguous to what is now the [Branch property], it is equally plausible that the right-of-way mentioned in the 1886 deed was meant to be appurtenant to the Gardner homestead and farm affording a shortcut to Miner Lane, the center of town or village, and the route to New London." In other words, the trial court was unable to identify which property owned by Gardner in 1886 was the dominant estate.

The defendants argue that it is irrelevant that Gardner owned other property in Waterford in 1886. They claim that the facts demonstrate that the right-of-way clearly benefited the Occhionero property,[7] that the Occhion-

---

[7] The defendants do not point to any facts other than the location of the Occhionero property as contiguous to the right-of-way claimed by them.

ero property was contiguous to the right-of-way, and that the right-of-way began at Pepperbox Road and led to the Occhionero property. The defendants argue that it is reasonable to believe that a contiguous parcel would be benefited by a right-of-way rather than another parcel located elsewhere in Waterford. This argument overlooks the defendants' burden of proof.

"The construction of a deed in order to ascertain the intent expressed in the deed presents a question of law and requires consideration of all its relevant provisions in the light of the surrounding circumstances. . . . On appeal the scope of review of such a question is plenary and does not require the customary deference to the trial court's factual inferences." (Citation omitted; internal quotation marks omitted.) *Carbone* v. *Vigliotti*, supra, 222 Conn. 222.

We cannot agree with the defendants that Gardner's ownership of the Gardner homestead is irrelevant. Although there is some logic to the argument that a contiguous parcel of land is more likely the beneficiary of a right-of-way than a noncontiguous parcel of land, this may not always be the case. The trial court was aware of this argument but was nonetheless unable to identify which property owned by Gardner in 1886 was the benefited property. We are similarly unable to identify the benefited property. There was no evidence, as the trial court noted, that the Gardners used or claimed the right-of-way as an appurtenance to the Occhionero property. After conducting a review of the entire record, we agree with the trial court that the record does not establish the identity of the dominant estate.

The burden of proof rests upon the defendants, who claim the right-of-way as a special defense, to show the existence of all facts necessary to prove the right-of-way was created as an appurtenance to the Occhionero property. *Nikitiuk* v. *Pishtey*, 153 Conn. 545, 552, 219

A.2d 225 (1966) ("[i]t is an elementary rule that whenever the existence of any fact is necessary in order that a party may make out his case or establish his defense, the burden is on such party to show the existence of such fact" [internal quotation marks omitted]); C. Tait & J. LaPlante, Connecticut Evidence (2d Ed. 1988) § 4.2.1, p. 70 ("[w]hoever desires the court to give judgment as to any legal right or liability has the burden of proving the existence of the facts essential to his claim or defense"); see *Berkeley Development Corp.* v. *Hutzler*, 159 W. Va. 844, 848, 229 S.E.2d 732 (1976) (burden of proving easement rests on party claiming such right); 25 Am. Jur. 2d 703, Easements and Licenses § 134 (1996). This includes the identification of the property that is the dominant estate, if such identification is not clear in the conveyance. The grant to Gardner in the 1886 deed does not identify which of the two parcels owned by Gardner was intended to be the beneficiary of the right-of-way. We agree with the trial court that the defendants failed to establish that the right-of-way set forth in the 1886 deed was intended to benefit their property. Accordingly, we conclude that the defendants have not established a right-of-way over the Branch property by virtue of the 1886 deed.

## II

We turn next to the plaintiffs' claim that the trial court improperly denied their request for injunctive relief. In this regard, the plaintiffs argue that their claim for injunctive relief should have been granted because the defendants had regularly crossed over the Branch property by foot and vehicle through the time of trial, and because the defendants had authorized others to similarly encroach on the Branch property. We disagree.

"Injunction is available in a suitable case, and will ordinarily issue at the suit of a landowner to compel the removal of encroachments." (Internal quotation marks

omitted.) *Walton* v. *New Hartford*, 223 Conn. 155, 166–67, 612 A.2d 1153 (1992). However, "[a] party seeking injunctive relief has the burden of alleging and proving irreparable harm and lack of an adequate remedy at law." (Internal quotation marks omitted.) *Advest, Inc.* v. *Wachtel*, 235 Conn. 559, 562–63, 668 A.2d 367 (1995). The plaintiffs have conceded before this court that they have allowed the defendants the use of "a somewhat different route" over their property than the claimed right-of-way that is the subject of this case. Prior to this decision, it is obvious that the defendants earnestly pursued their legal claims with respect to the right-of-way they claimed. There is no reason to believe that the defendants will not abide by our determination of those claims.

Furthermore, "[a] prayer for injunctive relief is addressed to the sound discretion of the court and the court's ruling can be reviewed only for the purpose of determining whether the decision was based on an erroneous statement of law or an abuse of discretion." (Internal quotation marks omitted.) *Walton* v. *New Hartford*, supra, 223 Conn. 165. The trial court, under the circumstances of this case, did not abuse its discretion in denying the plaintiffs' claim for injunctive relief.

The judgment is affirmed.

In this opinion the other justices concurred.