## DAVID D'ADDARIO, EXECUTOR (ESTATE OF F. FRANCIS D'ADDARIO), ET AL. *v.* LUCIEN TRUSKOSKI ET AL.
### (AC 17723)

Landau, Spear and Dupont, Js.

---

Argued December 9, 1999—officially released April 11, 2000

*Ridgely W. Brown,* for the appellants (defendants).

*Frank W. Murphy,* with whom were *Kara A. T. Murphy* and, on the brief, *Elizabeth A. B. Suchy,* for the appellees (named plaintiff et al.).

*Brendan T. Flynn,* with whom, on the brief, was *Barry S. Feigenbaum,* for the appellee (plaintiff Hollow Tree Ridge Corporation).

*Opinion*

LANDAU, J. The defendants[1] appeal from a declaratory judgment of the trial court granting an easement

---

[1] The defendants are Lucien Truskoski, Ernest Duhaime, Barbara Brown, Karen Park, Martha DiVincenzo, David Duhaime, John T. Duhaime, Fayne A. Hildebrand, Richard Duhaime, Jr., Julia Nixon, Martin McMahon, John McMahon and Fleet Bank of Connecticut.

in favor of the plaintiffs.[2] On appeal, the defendants claim that the court improperly (1) failed to conclude whether the grantor intended to benefit only a 9.8 acre parcel of land as a matter of law, (2) ignored the doctrine of stare decisis by concluding that unity of title did not have to exist for an easement to arise,[3] (3) granted a motion to substitute a plaintiff without a short calendar hearing and failed to identify the substitute plaintiff's interest when it rendered judgment,[4] and (4) failed to find that the plaintiffs had sustained their burden of proof. We affirm the judgment of the trial court.

This case is unique. The issue is what legal consequences flow from the fact that some of the land in question is inaccessible due to the taking by the state of Connecticut of land by right of eminent domain and due also to a natural disaster not contemplated at the time the state conveyed the subject parcels.

The following facts, as found by the court, are relevant to this appeal. At some time prior to 1962, the state acquired by eminent domain certain real property in the town of Darien to construct the Connecticut Turnpike (turnpike). In 1962, the state, acting through the commissioner of the department of highways, reconveyed 9.8 acres of the land, which was in excess of the state's

---

[2] The plaintiffs are David D'Addario, executor of the estate of F. Francis D'Addario and individually; Lawrence D'Addario, executor of the estate of F. Francis D'Addario and individually; Albert F. Paolini, executor of the estate of F. Francis D'Addario; Ann T. D'Addario; Virginia Popel; Mary Lou Kennedy; Joan D. Benedetto; Ernest F. Benedetto; and Hollow Tree Ridge Corporation.

AvalonBay Communities, Inc., filed a motion in this court to be added as a party plaintiff. AvalonBay Communities, Inc., had entered into a contract with the estate of F. Francis D'Addario and with Ernest F. Benedetto and Joan D. Benedetto to purchase the property owned by the plaintiffs listed in the preceding paragraph. The unopposed motion was granted.

[3] The briefs were submitted before our Supreme Court decided *Bolan* v. *Avalon Farms Property Owners Assn., Inc.*, 250 Conn. 135, 735 A.2d 798 (1999). As a result of *Bolan*, in which the unity of title doctrine was abrogated, the defendants abandoned this claim.

[4] The defendants withdrew this claim during oral argument before us.

needs, to the late F. Francis D'Addario. At the time, the 9.8 acres were bounded on the north by railroad tracks, on the south[5] and east by land owned by the state, and

[5] The state owned land contains the turnpike, a rest area, an emissions test station and a department of transportation garage.

on the west by land owned by Louis J. Kuriansky, trustee.

The deed conveying the 9.8 acres to D'Addario limited D'Addario's access to the land. "It is expressly understood and agreed that all rights of access are specifically denied directly to and from other land of the [state], located on the southerly and easterly sides of the premises herein conveyed, from and to the land herein conveyed." The deed did, however, provide a grant of right-of-way, to wit: "And the [state] does hereby give and grant unto [D'Addario], his heirs and assigns forever, a full and perpetual right of way located on land of the [state], situated in the Town of Darien, County of Fairfield and State of Connecticut, on the westerly side of Hollow Tree Ridge Road. . . . The purpose of the easement herein granted is to provide access to and from the land herein conveyed, from and to Hollow Tree Ridge Road. It is expressly understood and agreed that all rights of access are specifically denied directly to and from other land of the [state] located on the southerly side of the easement area herein granted, from and to the said area." Without the right-of-way, the 9.8 acres was not accessible. The defendants do not contest the plaintiffs' right to use the easement to get to and from their 9.8 acres.

In August, 1965, the defendants' predecessor in title acquired 3.6 acres of the previously condemned land, which was also in excess of the state's needs. The defendants' 3.6 acres is adjacent to and directly to the east of the plaintiffs' 9.8 acres. The deed conveying the defendants' land from the state provides: "The above described premises are conveyed subject to such rights and easements as may appear of record and to any state of facts which an inspection of the premises may show, and especially to an easement in favor of the Town of Darien for a sanitary sewer, and to an easement in favor of F. Francis D'Addario for Ingress and Egress to and

from Hollow Tree Ridge Road, both of said easements being located on the northerly 50 feet of the above described premises as shown on the map hereinafter referred to."

In June, 1982, D'Addario acquired approximately twenty-two acres (Kuriansky land) from Kuriansky and the Bi-Cultural Day School, Inc. The Kuriansky land is adjacent to and directly to the west of the plaintiffs' 9.8 acres. The Kuriansky land is bounded on the south by land owned by the state and to the west by the Noroton River. Prior to 1972, access to the Kuriansky land was obtained by a bridge across the river leading to Lenox Avenue in Stamford. The bridge was destroyed by a storm in 1955 and temporarily replaced by a bridge that was also destroyed by a storm in 1972. The bridge has not been replaced, and there are no plans to replace it.

Since 1972, trucks belonging to the town of Darien and the owner of a business located on the Kuriansky land have used the right-of-way for ingress and egress from Hollow Tree Ridge Road. Although the plaintiffs produced considerable evidence to support their claim of a prescriptive easement over the right-of-way to the Kuriansky land, the court found that an easement by prescription did not exist, but that there was express or implied permission to use this right-of-way because a considerable number of trucks traveled over the 9.8 acres on a daily basis to reach the Kuriansky land prior to D'Addario's buying the Kuriansky land and with D'Addario's consent. By affidavit, Hector Nevard attested that he had worked on the Kuriansky property since 1937 and that "since 1972, all trucks have used the Hollow Tree Ridge Road access." The town of Darien also crossed the right-of-way and the 9.8 acres to reach its pumping station on the Kuriansky property. The court concluded with respect to the plaintiffs' claim of a prescriptive easement that a license or express or

implied permission cannot ripen into an easement by prescription, and that without an adverse use, prescriptive rights cannot be acquired.

The dispute between the parties arose over the plaintiffs' proposed development of their contiguous 9.8 acres and the Kuriansky land.[6] The plaintiffs proposed a residential development consistent with the Darien designed multiple family residential zone (residential development).[7] The defendants maintain that the right-of-way may not be used to benefit the Kuriansky land. The plaintiffs, therefore, commenced a declaratory judgment action to determine the parties' rights with respect to use of the right-of-way and more specifically to establish that the right-of-way may be used to reach the residential development from Hollow Tree Ridge Road. The complaint alleged three counts: (1) easement by grant; (2) easement by implication and by reasonable necessity;[8] and (3) easement by prescription. The court

---

[6] Pursuant to the plaintiffs' second amended complaint, the court found that the executors of D'Addario's estate conveyed a one-quarter interest in the 9.8 acres to the plaintiff Joan D. Benedetto by deed dated May 27, 1988. The two contiguous D'Addario properties, therefore, are not in common ownership.

[7] The court found that, according to the Darien zoning laws, the easement would not be overburdened by use to and from the residential development and Hollow Tree Ridge Road. See *Abington Ltd. Partnership* v. *Heublein*, 246 Conn. 815, 831–32, 717 A.2d 1232 (1998); *Carbone* v. *Vigliotti*, 222 Conn. 216, 225, 610 A.2d 565 (1992). The defendants do not challenge this finding.

[8] The court and the parties use the terms *easement by implication* and *easement of necessity* interchangeably. These terms are actually distinct.

"*Easement by implication.* Easement created by law and grounded in court's decision in reference to particular transaction in land where owner of two parcels had so used one parcel to the benefit of other parcel that on selling the benefited parcel purchaser could reasonably have expected, without further inquiries, that these benefits were included in sale. *Boyd* v. *McDonald*, 81 Nev. 642, [649] 408 P.2d 717 [1965]." Black's Law Dictionary (6th Ed. 1990).

"*Easement of necessity.* One in which the easement is indispensable to the enjoyment of the dominant estate. Such arises by operation of law when land conveyed is completely shut off from access to any road by land retained by grantor or by land of grantor and that of a stranger. *Tarr* v. *Watkins*,

found for the defendants on the first and third counts, and for the plaintiffs on the second count.

"The construction of a deed in order to ascertain the intent expressed in the deed presents a question of law and requires construction of all its relevant provisions in the light of the surrounding circumstances. *Taylor* v. *Dennehy*, 136 Conn. 398, 402, 71 A.2d 596 (1950). On appeal the scope of review of such a question is plenary . . . ." *Carbone* v. *Vigliotti*, 222 Conn. 216, 222, 610 A.2d 565 (1992).

I

The defendants' first claim is that the trial court improperly concluded that the state did not intend to convey a right-of-way that would benefit anything other than the 9.8 acre parcel of land. We conclude that the court properly granted the plaintiffs an easement over the right-of-way to benefit the Kuriansky land.

The essence of the defendants' argument is that this case must be resolved by the language creating the easement in the deed by which the state reconveyed the 9.8 acres to D'Addario. The law of this state, since the early nineteenth century, has been that "[t]o ascertain the proper construction to be given the deed the trial court sought to discover the intent of the parties to the deed by permitting evidence to be introduced of the situation of the property and the surrounding circumstances at the time of the conveyance, and then looking at the terms of the deed in the light of the situation and surrounding circumstances. This accorded with our rule. *Bartholomew* v. *Muzzy*, 61 Conn. 387, 392, 23 Atl. 604 [1892]; *Sweeney* v. *Landers, Frary & Clark*, 80 Conn. 575, 578, 69 Atl. 566 [1908]; *Bryan* v. *Bradley*, 16 Conn. 474, 486 [1844]; *Strong* v.

180 Cal. App. 2d 362, [366–67] 4 Cal. Rptr. 293 [296–97 (1960)]." Black's Law Dictionary (6th Ed. 1990).

*Benedict,* 5 Conn. 210, 220 [1824]." *Luce* v. *Niantic Menhaden Oil & Guano Co.,* 86 Conn. 147, 149, 84 A. 521 (1912).

The situation and surrounding circumstances that influenced the state's conveyance of the right-of-way at issue was the creation of the turnpike. The turnpike landlocked some parcels of land that the state originally had taken but did not need after the turnpike was constructed. The state reconveyed the 9.8 acres with a right-of-way so that the land was accessible. At the time, the Kuriansky land was accessible by the Lenox Avenue bridge.

The case law of this jurisdiction demonstrates that Anglo-American common law has recognized for centuries that the owner of land shall not be denied the enjoyment and use of the land. During the nineteenth century, courts used the term *right-of-way by necessity.* See *Collins* v. *Prentice,* 15 Conn. 39 (1842). "It is well settled, as a part of the common law of England, that, if a man having a close, to which he has no access, except over his other lands, sell that close, the grantee shall have a way to it, as incident to the grant; for without it, he cannot derive any benefit from the grant. This rule has been established for more than two centuries . . . . [I]f the grantor had reserved that close to himself, and sold his other lands, a right of way would have been reserved. . . .

"The way, in the one case, in contemplation of law, is granted by deed; and in the other case, reserved. . . . For the law will not presume, that it was the intention of the parties, that one should convey land to the other, in such manner that the grantee could derive no benefit from the conveyance, nor that he should so convey a portion as to deprive himself of the enjoyment of the remainder. The law, under such circumstances, will give

effect to the grant according to the presumed intent of the parties." (Citations omitted.) Id., 43–44.

Where the administrators of an estate conveyed a piece of land from the estate that "neither touched any public way, nor had appurtenant to it any such right to pass over the adjoining land of strangers to and from a public way as would secure to him the most beneficial enjoyment of his grant; they retained the locus in quo extending from the granted land to the public way. Here are all the requisite conditions for a way of necessity for all purposes over the reserved premises, there being no waiver by the grantee of his right to it." *Myers* v. *Dunn*, 49 Conn. 71, 77 (1881).

The terms *easement of necessity* and *easement by implication* seem to have come together in an opinion written in the early part of the twentieth century. "The basis of this right is the presumption of a grant arising from the circumstances of the case. Necessity does not of itself create a right . . . but it is evidence of the grantor's intention to convey one, and raises an implication of a grant." (Internal quotation marks omitted.) *Marshall* v. *Martin*, 107 Conn. 32, 36, 139 A. 348 (1927).

In each of these early cases,[9] the court imposed an easement of necessity where the grantor conveyed to the grantee "a parcel inaccessible save over the lands of the grantor, or where the grantor retains an adjoining parcel which he can reach only through the lands conveyed to the grantee." *Hollywyle Assn., Inc.* v. *Hollister*, 164 Conn. 389, 398–99, 324 A.2d 247 (1973). Previously, this rule applied only where there was a unity of interest. Id., 399. Our Supreme Court, however, recently abro-

[9] The facts of these early cases reflect the agrarian culture of the times. In most instances, a farmer conveyed a parcel of open land in the middle of his estate that may not have had access to a public right-of-way or that separated the farmer's dwelling from his wood lot. Hence, the courts concluded that the grantee and grantor intended a right-of-way so that each could use his land.

gated the unity of interest, or of title, doctrine[10] in *Bolan v. Avalon Farms Property Owners Assn., Inc.*, 250 Conn. 135, 735 A.2d 798 (1999).

Here, the trial court made no finding that the defendants' and plaintiffs' lands were once held in common ownership, although evidence to that effect may have been presented at trial. The court did find that the Kuriansky land was landlocked by the unusual circumstances of the state's taking land to the south for the turnpike, the railroad tracks to the north and the natural disaster that destroyed the bridge over the Noroton River. The court also found that multiple local, state and federal agencies would have to approve replacement of the bridge and that there was no reasonable probability that the necessary approvals could be obtained. In addition, the court found that since the Lenox Avenue bridge was destroyed, many trucks used the right-of-way on a daily basis to reach a business operation or a pumping station on the Kuriansky land.

The court granted an easement of necessity over the right-of-way to the Kuriansky land, citing *Marshall v. Martin*, supra, 107 Conn. 32. "It may be, however, that while access to the property is not absolutely cut off, the circumstances of the case are such that the means of access available would not afford the landowner any real beneficial enjoyment of his property. Such a situation would arise when the expense of making the means of access available would exceed the entire value of the property to which access was sought. Such a means of access would be no better than none at all and there would seem to be equal reason for presuming a grant under such circumstances as in the case where there was no access. Although there are cases which hold that the way must be one of strict necessity, the weight of authority supports what seems to us to be

---

[10] *Curtin v. Franchetti*, 156 Conn. 387, 389, 242 A.2d 725 (1968).

the better rule—that the necessity need only be a reasonable one." Id., 37.

We agree that equity requires that the plaintiffs be permitted to use the right-of-way for the beneficial enjoyment of the Kuriansky land. For centuries, our law has held that no person shall be denied the beneficial enjoyment and use of land because it is not accessible. The plaintiffs did not create the situation that has made the Kuriansky land inaccessible. The court found that the residential development, as permitted by the Darien zoning laws, will not overburden the right-of-way and that in the recent past many trucks crossed the right-of-way on a daily basis to which the defendants apparently did not object. The court, therefore, properly granted the plaintiffs an easement over the right-of-way to the Kuriansky land.

## II

The defendants also claim that the court failed to find that the plaintiffs had sustained their burden of proof as required by *Branch* v. *Occhionero*, 239 Conn. 199, 681 A.2d 306 (1996). Specifically, the defendants claim that the plaintiffs failed to prove their chain of title free of encumbrances back to root title. We disagree.

We first observe that there does not appear to have been any dispute over the plaintiffs' title to the Kuriansky land at trial, as the defendants do not cite any pleading, exhibit or portion of the transcript in support of this claim. The plaintiffs' title is not in issue, and the easement granted to them by the trial court is not dependent on proving the absence or presence of encumbrances.

The defendants' reliance on *Branch* is misplaced because that case is factually distinct from the facts before us. In *Branch*, the defendants claimed a right-of-way over the Branch property by deed executed by

H. Pascal Beckwith in 1886. The deed reserved a right-of-way over the property to John Gardner. The Branch property separated two parcels of land belonging to Gardner. The defendants owned the parcel to the north, but none of the deeds in their chain of title made any reference to the right-of-way over the Branch property, and there was insufficient evidence to determine the dominant estate. Id., 201–203. No such situation exists in this case where the subject deed clearly identifies the dominant and servient estates.

The judgment is affirmed.

In this opinion the other judges concurred.