[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#116)
 Facts
The plaintiff, Curtis D. Deane, filed an amended complaint on October 31, 2001. In count three of the amended complaint, which is the only count relevant to the present motion to strike, the plaintiff alleges the following facts. The plaintiff is the owner of certain real property located at 34-2 Brockway Ferry Road in Lyme. The defendant, Amy Day Kahn, owns the property located at 34-3 Brockway Ferry Road. Both the plaintiff's and the defendant's parcels were previously part of a larger tract known as Lewis Farm. The two parcels were transferred to the parties' respective predecessors in interest by a common owner on July 6, 1970. Due to the terrain and slope of the plaintiff's property, he is unable to reasonably access the lower riverfront portion from the other portions of the parcel. Previously, the plaintiff accessed the lower portion of his property for purposes of maintenance and improvement by crossing a portion of the defendant's property. Commencing on or about May, 1997, the defendant has interfered with the plaintiff's only reasonable access to the lower portion of his property. The plaintiff seeks a judgment confirming his right to access his property through the defendant's property.
On December 20, 2001, the defendants Amy Day Kahn and Robert Kahn[1]
filed a motion to strike the third count of the plaintiff's amended complaint on the ground that as a matter of law, one cannot claim an easement by necessity for access to only part of one's parcel. The defendants' motion is accompanied by a memorandum of law. The plaintiff filed an objection to the motion to strike and a memorandum of law on January 4, 2002.
 Discussion
CT Page 5992
"Whenever any party wishes to contest . . . the legal sufficiency of the allegations of any complaint, counterclaim or cross claim, or of any one or more counts thereof, to state a claim upon which relief can be granted, . . . that party may do so by filing a motion to strike the contested pleading or part thereof." Practice Book § 10-39(a). "A motion to strike admits all facts well pleaded." Parsons v. UnitedTechnologies Corp., 243 Conn. 66, 68, 700 A.2d 655 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff. . . . if facts provable in the complaint would support a cause of action, the motion to strike must be denied." (Internal quotation marks omitted.) Faulkner v. United TechnologiesCorp., 240 Conn. 576, 580, 693 A.2d 293 (1997).
The sole ground for the defendants' motion to strike count three of the amended complaint is their assertion that as a matter of law, an easement by necessity does not arise to provide a landowner with access to one part of his property, when another part of the property has adequate access. The defendants argue that the complaint is legally insufficient because the plaintiff has merely alleged that he cannot reasonably access one portion of his property, rather than alleging that the entire property is landlocked. The plaintiff argues that an easement of necessity is possible under such circumstances if the easement is reasonably necessary.
"The law respecting easements by necessity was set forth in Collins v.Prentice, [15 Conn. 39 (1842)]. In that case the plaintiff brought an action of trespass against the defendant, who claimed to have no access to his parcel except over the plaintiff's land. The court recited the common-law rule, established for over two centuries, respecting easements by necessity: `[T]he law will not presume, that it was the intention of the parties, that . . . [the grantor] should so convey a portion as to deprive himself of the enjoyment of the remainder.' Id., 44. Whether arising from presumption of intent or from the necessity of the party claiming it; Pierce v. Selleck, [18 Conn. 321, 329 (1847)]; an easement by necessity will be imposed where a conveyance by the grantor leaves the grantee with a parcel inaccessible save over the lands of the grantor, or where the grantor retains an adjoining parcel which he can reach only through the lands conveyed to the grantee. Collins v. Prentice, supra, [15 Conn.] 44. The requirement of unity of ownership is a strict one[2]
. . . but to fulfill the element of necessity, the law may be satisfied with less than the absolute need of the party claiming the right of way. The necessity need only be a reasonable one." (Citations omitted.)Hollywyle Assn., Inc. v. Hollister, 164 Conn. 389, 398-99, 324 A.2d 247
(1973). "It is a generally accepted common law principle that easements CT Page 5993 by necessity are appurtenant to the dominant tenement . . . and benefit successors to the dominant tenement." 7 D. Thomas, Thompson on Real Property (Thomas Ed. 1994) § 60.03(b)(5) (ii), p. 432.
Our Supreme Court has previously addressed the extent to which an easement by necessity may be claimed when, as in the present case, the property in question is not entirely landlocked. In Marshall v. Martin,107 Conn. 32, 139 A. 348 (1927), the plaintiff brought an action for trespass. The defendant claimed to have an easement by necessity over the plaintiff's property, despite the fact that the defendant owned other adjacent lots providing access to a highway. "The land of the [lots adjacent to the highway was] low and marshy and access to the highway across these lots . . . [was] for a large part of the year impracticable without the construction of an expensive way, which [was] practicable but would [have] cost more than the value of all the defendant's holdings." Id., 34.
The court stated: "Having such means of access . . . over other land of his own, the defendant could not ordinarily claim a right of way by necessity over plaintiff's land since no such necessity existed. It is the defendant's claim, however, that because of the peculiar nature of the [lots abutting the highway], access to the highway across those lots was impossible except at prohibitive expense and therefore there existed a reasonable necessity for access . . . over plaintiff's land. This raises the question whether the necessity required to create a way of necessity must be absolute, without regard to the difficulties of the ground or the expense of obtaining it, or whether it is only a reasonable necessity taking into account all the elements of the situation. The basis of the right is the presumption of a grant arising from the circumstances of the case. If the situation is such that the landowner has absolutely no access to his property except across the land of his grantor, the presumption is clear and the right undoubted. If he has such access over other land of his own, the mere fact that such access is inconvenient or expensive will not raise the presumption of a grant of a more convenient way over the land of his grantor. It may be, however, that while access to the property is not absolutely cut off, the circumstances of the case are such that the means of access available would not afford the landowner any real beneficial enjoyment of his property. Such a situation would arise when the expense of making the means of access available would exceed the entire value of the property to which access was sought. Such a means of access would be no better than none at all and there would seem to be equal reason for presuming a grant under such circumstances as in the case where there was no access. Although there are cases which hold that the way must be one of strict necessity, the weight of authority supports what seems to us to be the better rule — that the necessity need only be a reasonable one." CT Page 5994 Id., 36-37.
The court continued: "It has been said that the test of necessity is whether the party claiming the right can at reasonable cost, on his own estate, and without trespassing on his neighbors, create a substitute. . . . In most of the cases which have held that a way of necessity does not exist when a man can get to his own property through his own land, the way was sought on the grounds of convenience and economy only." Id., 38. The court concluded that because the cost of constructing a way over the marshy land would exceed the value of all of the defendant's property the defendant was "no better off than if the land were quite inaccessible, and the presumption of a grant in such a case would seem to be quite as strong as in the case where there is no access whatever to the land conveyed except over the land of the grantor." Id., 39.
As in the Marshall case, the plaintiff in the present case alleges that, because of the nature of the terrain, a portion of his property is reasonably accessible only through his neighbor's land. Because the Supreme Court has expressly held, contrary to the defendants' assertion, that an easement by necessity may exist to provide access to property that is not entirely landlocked, the defendants' motion to strike must be denied. The court notes, however, that in order to prevail on his claim of an easement by necessity, the plaintiff carries a heavy burden. As stated above, mere inconvenience or expense will not support a finding of an easement by necessity. Id., 37. "[T]he circumstances of the case [must be] such that the means of access available [across his own land] would not afford the landowner any real beneficial enjoyment of his property." Id.; see also D'Addario v. Truskoski, 57 Conn. App. 236, 246, 749 A.2d 38, cert. denied, 253 Conn. 918, 755 A.2d 214 (2000).
 Conclusion
The defendants' assertion that as a matter of law, an easement by necessity will not arise when property is only partly inaccessible, is contrary to Supreme Court precedent. Accordingly, the defendants' motion to strike count three of the amended complaint is hereby denied.
D. Michael Hurley, Judge Trial Referee