MARGARET TWINING *vs.* HUBBARD L. GOODWIN ET AL.

First Judicial District, Hartford, October Term, 1910.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

Exceptions to findings of fact must be accompanied by the evidence upon which they are based, in order to entitle them to consideration by this court on appeal.

The question of adverse possession is one of fact for the trial court, whose determination will not be reviewed by this court on appeal unless it appears that some one or more of the evidential facts upon which it rests are legally or logically inconsistent therewith.

The proper way in which to present rulings upon evidence for review, is to state the questions briefly and concisely, but as fully as may be necessary, and incorporate such statement in the finding. The printing of a large mass of testimony is unnecessarily expensive and is not justified by our rules of practice.

Evidence of the speech and common understanding of the neighborhood is mere hearsay and, as such, is inadmissible to establish title to a private right of way.

Argued October 4th—decided November 1st, 1910.

SUIT to restrain the defendants from crossing the premises of the plaintiff and from tearing down her gates and fences, brought to and tried by the Court of Common Pleas in Litchfield County, *Welch, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendants. *No error.*

*Homer R. Scoville,* for the appellants (defendants).

*Frank B. Munn,* for the appellee (plaintiff).

RORABACK, J. This is an action to restrain the defendants from entering upon the plaintiff's premises, and from interfering with the peaceable possession of her property. The defendants answer and contend that they are justified in using the plaintiff's land as complained of, by reason of their ownership of a certain right of way which they have acquired by adverse user.

It appears that after the finding in this case had been made the defendants filed a motion for its correction, which motion was denied. Exceptions to certain portions of the finding were also made, but these exceptions were unaccompanied by the evidence as required by § 795 of the General Statutes. It therefore follows that the first twelve assignments of error, complaining of the action of the trial court because it refused to find as requested, are not properly before this court for consideration. *Greist* v. *Amrhyn,* 80 Conn. 280, 285, 68 Atl. 521.

Counsel for the defendants assert that the finding, as it stands, shows that the use of the alleged passway for more than fifteen years by the Goodwins has been such as to establish their title by adverse possession. On the contrary, it appears that the trial court has found that the crossing of the plaintiff's land by the defendants was not adverse, but by permission and license. "Adverse possession is a question of fact, and when found by the trial court will not be reviewed by this court as a conclusion from evidential facts, unless it appears that these facts, or some of them, are legally or logically . . . inconsistent with that conclusion." *Layton* v. *Bailey,* 77 Conn. 22, 28, 58 Atl. 355. There is nothing to show that the court below violated any rule of law in reaching five conclusions of fact which are assigned as error. Neither does it

appear that the subordinate or evidential facts stated in this branch of the finding are logically or legally inconsistent with the ultimate facts upon which the court predicated its judgment. Under these circumstances there is no merit in the reasons of appeal based upon the conclusions of the court just stated.

Three rulings as to evidence were made reasons of appeal, and but one question of law upon this subject pursued in argument. These evidential questions can be gathered only by perusing thirty-five pages of testimony, which was made a part of the printed record by the clerk of this court pursuant to a letter from the trial judge instructing him to do so. As indicated in this letter, the only object of printing this large mass of testimony was to present the rulings of the court upon these questions of evidence.

Such a procedure subjected the State to unnecessary expense, and cannot be justified by any principles of our practice. A brief statement of the rulings upon evidence must be set forth in the finding, if these matters are to be assigned as error. *Summa* v. *Dereskiawicz*, 82 Conn. 547, 74 Atl. 906. What that statement shall include is prescribed by rule. Practice Book, p. 266, § 5. But, disregarding this irregularity, we will consider the ruling complained of. For the purpose of showing that a right of way had been acquired by adverse user by the defendants, the following question was asked: "What, if anything, can you say to the court in regard to the common understanding and speech of the people in that neighborhood concerning a right of way having been granted across this land at this place by some former owners of the land which now is occupied by Mrs. Twining to the Goodwin ancestors?" Upon objection this evidence was rejected by the court.

This question called for hearsay evidence, which was wholly inadmissible unless upon some special ground

of an exceptional character. Evidence of reputation is inadmissible to establish title to a private right of way. Such is the generally accepted rule, and the rule in this State. 2 Wigm. on Ev. § 1587; *South School District* v. *Blakeslee*, 13 Conn. 227, 235.

There is no error.

In this opinion the other judges concurred.