ORLEAN Y. CURTIN *v.* MARILYN L. FRANCHETTI

ALCORN, HOUSE, COTTER, THIM and RYAN, Js.

Argued March 5—decided April 23, 1968

*Arnold E. Buchman,* with whom was *Morris Apter,* for the appellant (defendant).

*Joseph Q. Koletsky,* with whom was *Russell L. Brenneman,* for the appellee (plaintiff).

THIM, J. The plaintiff brought this action to settle title to a right of way which she claims she owns and which runs over land owned by the defendant. This the defendant denies. The trial court found the issue for the plaintiff and rendered judgment accordingly. The defendant has appealed.

The facts found by the trial court which are material to the determination of this appeal are as follows: On December 2, 1924, Charles B. Wood conveyed to Robert Vonnoh, a predecessor in the defendant's chain of title, a parcel of land located on the westerly side of route 156 in the town of Lyme. In the deed of conveyance, Wood reserved for himself, his heirs and assigns "an unrestricted right of way in perpetuity, over the path at present established running along the Southerly side of Beaver Brook from the Highway [route 156] to the Potash Meadow." On September 10, 1937, Wood conveyed a tract containing Potash Meadow to George D. and Kate S. Moulson. In this deed of conveyance, Wood reserved a right of way from the westerly terminus of the right of way reserved in the deed of conveyance to Vonnoh to land owned by Wood, hereinafter referred to as Goddard Meadow, south of Potash

Meadow. The present owner of Potash Meadow is not a party to this action. The plaintiff acquired title to Goddard Meadow on July 19, 1954. When Wood reserved the right of way in the conveyance to Vonnoh on December 2, 1924, he owned both Potash Meadow and Goddard Meadow.

The court concluded that the right of way reserved in the deed to Vonnoh was appurtenant to both Potash Meadow and Goddard Meadow. The defendant claims that this conclusion is erroneous. She claims that there is no competent evidence to support the court's finding that Wood had title to Goddard Meadow at the time he reserved the right of way which is the subject of this litigation. We agree.

No right of way appurtenant can be created without a dominant as well as a servient estate. *Deregibus* v. *Silberman Furniture Co.,* 121 Conn. 633, 637, 186 A. 553. The dominant estate enjoys the benefit of the way, and the servient estate bears the burden. The way can become legally attached to the dominant estate only if the same person has unity of title to both the way and the dominant estate. 25 Am. Jur. 2d 426, Easements and Licenses, § 11; 28 C.J.S. 634, Easements, § 4. A way appurtenant cannot be used for the benefit of land other than the dominant estate. 2 Thompson, Real Property (1961 Repl.) § 322, p. 76.

The plaintiff to prove that she, as the owner of Goddard Meadow, was entitled to utilize a way appurtenant across the defendant's property, had to prove that Wood owned Goddard Meadow when the way was reserved in his conveyance to Vonnoh on December 2, 1924. The proper way to prove title is by the production of the original documents or certified copies from the records; *New Canaan*

*Country School, Inc.* v. *Rayward,* 144 Conn. 637, 640, 136 A.2d 742; unless a sufficient foundation is laid for the production of secondary evidence. See *Farr* v. *Zoning Board of Appeals,* 139 Conn. 577, 582, 95 A.2d 792; 29 Am. Jur. 2d 534, Evidence, § 476; 32A C.J.S. 127, Evidence, § 794.

We look to the exhibits and the appendices to the briefs to determine if there is evidence which supports the court's finding that Wood owned Goddard Meadow on December 2, 1924. *Brodsky* v. *Brodsky,* 153 Conn. 299, 302, 216 A.2d 180; *Kowalczyk* v. *Kleszczynski,* 152 Conn. 575, 576, 210 A.2d 444. To establish her chain of title to the right of way, the plaintiff offered into evidence the deed from Wood to Vonnoh wherein the right of way under consideration was reserved. No documentary evidence was offered to establish that on the date of that conveyance, December 2, 1924, Wood had title to Goddard Meadow. Instead, the plaintiff relied on testimony of Shepard B. Palmer, an engineer, and Amos Congdon, who at one time had been employed by Wood as a laborer. On the basis of a conclusion which he claimed to have formed from an examination of the deeds which were in evidence, Palmer testified that Wood owned Goddard Meadow in 1924. None of these deeds, however, disclose that Wood had title to Goddard Meadow on December 2, 1924. Documentary evidence of Wood's title to Goddard Meadow appears for the first time in his deed of Potash Meadow to the Moulsons in 1937. The deeds do not support Palmer's testimony.

Congdon testified that he started working for Wood about forty years ago. He was employed to take hay from both Potash and Goddard Meadows. Without objection, he testified that at the time he was so employed, Wood owned both parcels of land.

Although, upon proper objection, the opinion of Congdon was not admissible to prove Wood's ownership of Goddard Meadow; *Mathews* v. *Livingston,* 86 Conn. 263, 273, 85 A. 529; *Twining* v. *Goodwin,* 83 Conn. 500, 502, 77 A. 953; nevertheless the evidence remains in the case subject to its inherent weakness. *Danahy* v. *Cuneo,* 130 Conn. 213, 217, 33 A.2d 132; *Lebas* v. *Patriotic Assurance Co.,* 106 Conn. 119, 126, 137 A. 241.

The trial took place in late 1966. Congdon's testimony that he started working for Wood about 1926 and thereafter took hay out of Goddard Meadow for Wood and that Wood owned Goddard Meadow at that time does not support the court's finding that Wood owned Goddard Meadow on December 2, 1924. That finding must be stricken, and without it the court's conclusion that the right of way reserved in the conveyance from Wood to Vonnoh was appurtenant to Goddard Meadow cannot be sustained.

In light of the foregoing, we need not discuss the remaining assignments of error.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.