[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Appeal from an assessment of damages in the amount of $118,500 made by the defendant Commissioner of Transportation in respect to the partial taking of the plaintiff's land known as South Center Street rear in the Town of Windsor Locks and more particularly shown on sheets 1 and 2 of a map entitled "Town of Windsor Locks, Map Showing Land Acquired from Gloria J. Ferranti by the State of Connecticut, Interstate Route 91 (Limited Access Highway) Scale 1" — 40', April 1985, Robert W. Gubala, Transportation Chief Engineer-Bureau of Highways." The parties CT Page 1518 stipulated that the date of taking was February 21, 1989, and that the deposit of $118,500 had been paid.
Subject property consists of 16.2 acres of rear land located to the westerly side of South Center Street and the westerly side of Interstate 91. The parcel is irregular in shape, vacant and wooded. It has 1394.24 feet along the northerly boundary, 611 feet of non-access frontage along Interstate 91 on its easterly boundary, 1,244 feet along the southerly boundary and 564 feet along the westerly boundary. Access to the site is gained via a 50-foot right-of-way leading from South Center Street, to Oak Ridge Drive, a private road and via a 20-foot right-of-way over property now or formerly of Alvin Shoham, trustee. The land ranges in elevation from 74 feet near the northeasterly corner to 130 feet near the westerly boundary. Most of the land is in the range of 100-120 feet in elevation. The take carves an odd-shaped 10.5 acres out of the subject property. The subject property is located in a business zone.
The immediate neighborhood around the subject property is one of mixed residential, commercial, agricultural and industrial uses. To the north of the subject there is a Howard Johnson complex which contains a restaurant and lounge, a conference center and 170 lodging rooms. Also to the north of the subject there is Oak Ridge condominium complex which contains 144 living units. Woodlands and agricultural land adjoin the southerly and westerly boundaries of the subject. South Center Street in the vicinity of the subject is improved with some commercial and office facilities including a restaurant, a liquor store and a gasoline station.
Interstate Route 91 is part of the neighborhood of the subject. It runs north and south through the town in which the subject is located connecting Hartford to the south and Springfield, Massachusetts to the north. There are presently on and off ramps to the northbound and southbound lanes of Interstate Route 91 from South Center Street. To the west of the neighborhood is Bradley International Airport and northerly of the neighborhood is the downtown section of Windsor Locks.
To the north of the subject property, there is property owned now or formerly by Alvin Shoham, trustee. This property contains a private condominium development including a private road designated as Oak Ridge Drive. The condominium development has been sold to R. F. Daddario Sons, Inc. To the north of the condominium development, there is property owned, now or formerly by David Chase and Jerome Gross. To the east of the Chase and Gross property, there is property owned by J.D.J. Associates. This latter property is bounded on the east by South Center Street, a public highway. The Chase, Gross and CT Page 1519 J.D.J. Associates properties have been sold to Conference Center Inc.
In 1974, Chase and Gross and J.D.J. Associates granted to Alvin Shoham, trustee, a 50-foot easement over their respective properties to South Center Street (Exhibits D and E). In 1987, Shoham granted to the plaintiff a 20-foot easement over his property, including Oak Ridge Drive (Exhibit 7). The right-of-way was conveyed "together with the right to pass and repass for private access only over the easement areas described in the [Chase, Gross and J.D.J. Associates] grants of easement.
Bernard Hovanec, a real estate appraiser, testified as an expert witness on behalf of the plaintiff. Richard Barry, a real estate appraiser, testified as an expert witness on behalf of the Commissioner. Both appraisers were of the opinion that the highest and best use of the subject property was for sale to an abutting owner.
Hovanec testified that in his opinion, based on the direct sales comparison approach, the before value of the subject property was $1,380,000, the after value, $57,000, and the damages $1,323,000. Barry testified that in his opinion, also based on the direct sales comparison approach, the before value of the subject property was $121,500, the after value, $3,000, and the damages $118,500.
The Commissioner asserts that the value of the subject property is substantially depreciated by the facts that (1) it is landlocked and (2) a substantial portion of the property is located in a wetland area. With respect to the question of landlock, the Commissioner concedes that the plaintiff has a right-of-way over the Shoham property to her north including Oak Ridge Drive and also concedes that Shoham purported to grant the plaintiff a right-of-way over and across the Conference Center property to Smith Center Street. He argues, however, that Shoham had no authority to grant such right-of-way.
"No right of way appurtenant can be created without a dominant as well as a servient estate. . . The dominant estate enjoys the benefit of the way, and the servient estate bears the burden. The way can become legally attached to the dominant estate only if the same person has unity of title to both the way and dominant estate. . . A way appurtenant cannot be used for the benefit of land other than the dominant estate. . ." Curtin v. Franchetti, 156 Conn. 387, 389 (1968). Applying these principles it would appear that the plaintiff has no right-of-way over the Conference Center property.
For her part, the plaintiff argues that whether or CT Page 1520 not the plaintiff has a right-of-way over the Conference Center property is of no significance since the abutting owner, Shoham, could rely on his own right-of-way for access to South Center Street. While that is so, the absence of an independent right-of-way from the plaintiff's property to a public street would tend to have a depreciating affect on the value of the subject property,
With respect to the wetlands issue, I am inclined to accept the plaintiff's evidence as more credible. In this respect it is of interest to note that neither the Commissioner's appraiser in his report, nor the Commissioner in his application to the Army Corps of Engineers in respect to the construction of Interstate 91 makes reference to any wetlands on the subject property.
After viewing the site of the subject property and after giving due consideration to the testimony and reports of the several experts and to the testimony of the several witnesses and to my own knowledge of the elements that establish fair market value, I find the before value of the subject property is $405,000 the after value, $17,000, and the damages $388,000.
Accordingly, judgment may enter for the plaintiff in the amount of $388,000 less the amount of $118,500 already paid or an excess of $269,500, with interest on the excess from the date of taking to the date of payment together with costs and an appraisal fee of $4,000.
LEO PARSKEY STATE TRIAL REFEREE