JAMES MURRAY ET AL. *v.* DAVID L.
SCHROEDER ET AL.
(AC 18885)

Lavery, Schaller and Spear, Js.[1]

―――――――
[1] The listing of judges reflects their seniority status on this court as of the date of oral argument.

Argued February 22—officially released September 5, 2000

*David P. Condon,* for the appellants (defendants).

*Lloyd L. Langhammer,* for the appellees (plaintiffs).

*Opinion*

SCHALLER, J. This appeal requires us to determine whether the trial court properly found that (1) an easement by express grant by deed exists over the property of the defendants, David L. Schroeder and Sandra J. Schroeder, in favor of the plaintiffs James A. Murray and Sylvia C. Murray, and (2) an easement of necessity exists over the defendants' property in favor of the plaintiff Jack Mazerolle. On appeal, the defendants claim that the court improperly (1) admitted into evidence certain aerial photographs and (2) found that Mazerolle had an easement of necessity over their property because (a) the court failed to find that unity of title existed between the properties of the defendants and Mazerolle, and (b) Mazerolle could not prove title to his property. We affirm the judgment of the trial court.

The following facts and procedural history are necessary to our disposition of this appeal. The subject of the dispute is a driveway with its origin at Cossaduck

Hill Road in North Stonington. Starting there, the driveway crosses the properties of Glen Reil, the defendants, the Murrays, Eleanor Johnson and Mazerolle. The Murrays and Mazerolle used the driveway to access their properties before the defendants acquired a lot over which the driveway passes in 1994. Thereafter, in 1996, pursuant to their belief that the plaintiffs had no right to use the driveway as it passed over their property, the defendants obstructed it with a car, debris and a wire cable. The defendants also dug a hole in the driveway that they covered with a thin piece of plywood.

By way of an amended complaint, the plaintiffs brought this action against the defendants in six counts. As to the Murrays, the complaint alleged that they had a right to the use of the driveway as it passes over the defendants' property on the basis of an express grant by deed, a prescriptive easement and an easement of necessity. As to Mazerolle, the complaint alleged that he had a right to use the driveway as it passes over the defendants' property also on the basis of an express grant by deed, a prescriptive easement and an easement of necessity. The complaint sought, inter alia, to quiet title as to the rights of the plaintiffs to use the driveway and to enjoin the defendants from interfering with the plaintiffs' use of the driveway. Following a trial to the court, the court, in a memorandum of decision, rendered judgment (1) in favor of the Murrays, concluding that they had a right-of-way over the defendants' property that was created by deed, (2) in favor of Mazerolle, concluding that he had a right-of-way of necessity over the defendants' property and (3) permanently enjoining the defendants from interfering with the plaintiffs' use of the right-of-way. This appeal followed. Additional facts will be set forth as necessary.

I

The defendants claim first, as to the Murrays, that the court improperly admitted into evidence without a

proper foundation (1) a 1960 aerial photograph utilized by the tax assessor's office of the town of North Stonington in the course of business and (2) four aerial photographs taken by the department of environmental protection in 1965, 1970, 1975 and 1980, respectively. The defendants claim that the improper evidentiary rulings were harmful. Because we conclude that there was ample other evidence relating to the issue for which the photographs were admitted, we need not decide whether the court's admission of the challenged evidence was improper.

In 1965, Scott Smith owned lots 8, 8.01 and 8.02 as one parcel. In 1968, Smith conveyed lots 8 and 8.01 and retained lot 8.02, which is now owned by the Murrays. The following deed language reserved in the owner of lot 8.02 the right to use the driveway as it passes over lot 8.01, which is now owned by the defendants: "The grantor reserves for himself, his heirs and assigns a right of way for all purposes over the existing right of way to the Cossaduck Hill Road for the benefit of his remaining land." The defendants do not dispute that this language creates an easement. The crux of the defendants' claim is that if the photographs had not been admitted into evidence, there would have been no evidence before the court regarding the condition of the defendants' property within eight years before or after the reservation of the right-of-way in the 1968 deed. Therefore, they claim that the court would not have had an adequate basis to conclude that the position of the driveway is the same today as it was at the time of the reservation of the right-of-way in the 1968 deed.

"It is well recognized that any error in the admission of evidence does not require reversal of the resulting judgment if the improperly admitted evidence is merely cumulative of other validly admitted testimony. *Emhart Industries, Inc.* v. *Amalgamated Local Union 376, U.A.W.*, 190 Conn. 371, 391, 461 A.2d 422 (1983). Even

if we were to presume that the [trial court improperly admitted the photographs] . . . the [defendants] would need to prove that that [evidence] more probably than not affected the result." (Internal quotation marks omitted.) *Fink* v. *Golenbock*, 238 Conn. 183, 211, 680 A.2d 1243 (1996); see *Swenson* v. *Sawoska*, 215 Conn. 148, 153, 575 A.2d 206 (1990).

Eleanor Johnson testified that she has lived on her lot since 1947 and that the driveway at issue in this case traverses her land between the defendants' lot and Mazerolle's lot. Johnson testified on the basis of her personal knowledge that the location of the driveway is the same now as it was in the 1950s. The record is devoid of any evidence that indicates that the location of the driveway changed within the period from the 1950s until the time of the court's judgment, and it was logical for the court, as the trier of fact, to infer that the location of the driveway at the time of trial was the same as it was in 1968, when the easement had been created. Accordingly, we conclude that the evidence of the aerial photographs was cumulative of other competent evidence and, as such, its admission was harmless.

## II

The defendants claim next that the court improperly found that Mazerolle had an easement of necessity over their property because (1) the court failed to find that unity of title existed between the defendants' and Mazerolle's properties, and (2) Mazerolle could not prove title to his property. We disagree.

Mazerolle's lot is landlocked. The court found that Mazerolle was entitled to an easement of necessity with respect to the driveway as it passes over the defendants' property. The court based its finding on its conclusion that the driveway is Mazerolle's only source of access to his property from Cossaduck Hill Road, there being no credible evidence to the contrary.

## A

The defendants claim first that the court improperly found that Mazerolle has an easement of necessity over their property because the court failed to find that unity of title existed between the two parcels. This claim is without merit.[2] In *Bolan* v. *Avalon Farms Property Owners Assn., Inc.*, 250 Conn. 135, 144–45, 735 A.2d 798 (1999) (en banc), our Supreme Court abrogated the unity of title doctrine.[3] Because the defendants' claim relies on a faulty premise, it must fail.

## B

The defendants claim finally that the court improperly found that an easement of necessity exists over their property for the benefit of Mazerolle because Mazerolle could not prove title to his property as required by the law. We disagree.

The defendants argue that Mazerolle's predecessors in title owned 185 acres and transferred only 100 acres to Mazerolle, that evidence introduced by the plaintiffs confirms the discrepancy and that such discrepancy renders Mazerolle's proof of title insufficient. The defendants also argue that *Branch* v. *Occhionero*, 239 Conn. 199, 681 A.2d 306 (1996), requires Mazerolle to prove title to the dominant estate to obtain an easement of necessity. The Supreme Court in *Branch* held that "to create a right-of-way as an appurtenance to the

---

[2] The defendants also argue, for the first time in their reply brief, that the plaintiffs failed to prove that the "dominant estate was rendered inaccessible by the sale of the servient estate." "It is a well established principle that arguments cannot be raised for the first time in a reply brief." (Internal quotation marks omitted.) *Williams Ford, Inc.* v. *Hartford Courant Co.*, 232 Conn. 559, 593 n.26, 657 A.2d 212 (1995). We therefore decline to consider this claim.

[3] The trial court's memorandum of decision is dated September 1, 1998, and *Bolan* was decided in August, 1999. We, however, apply *Bolan* retroactively to this case. See *Perkins* v. *Fasig*, 57 Conn. App. 71, 75–76, 747 A.2d 54, cert. denied, 253 Conn. 925, 754 A.2d 797 (2000).

dominant estate, both the dominant and servient estates must be identified." Id., 204. *Branch*, however, is distinguishable from the present case. The issue in *Branch* was whether a right-of-way had been created by a conveyance in *a deed*. The grant in the deed did not identify which one of two parcels was intended to be the beneficiary of the right-of-way. Id., 206. Because the identification of the dominant estate was not clear in the conveyance and because the defendants had failed to identify the property that the right-of-way was intended to benefit, the court concluded that they had failed to prove the right-of-way over the plaintiff's property. Id. Here, the court found that Mazerolle had an easement of necessity, and the evidence shows that he identified the property benefited by that easement.[4] The defendants, therefore, cannot avail themselves of this argument.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[1] We note that there was ample evidence from which the court could have found that Mazerolle had identified the dominant estate. Specifically, Mazerolle testified that his predecessors in title sold him all of their property in North Stonington and that the description in the deed of the predecessors is the same as the description contained in Mazerolle's deed. Furthermore, the defendants' claim is disingenuous in that it is based on the assessor's map that had been introduced into evidence by the plaintiffs that the defendants argue was improperly admitted by the court.