# IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN
********

|  |  |
|---|---|
| CHARLES A. KAPLANEK, III,<br><br>     Plaintiff,<br>v.<br><br>BRUCE W. STREIBICH,<br><br>     Defendant. | CASE NO. ST-95-CV-459<br><br>ACTION FOR DECLARATORY RELIEF,<br>PRELIMINARY AND PERMANENT<br>INJUNCTIVE RELIEF, AND DAMAGES |
| WARREN STRYKER and MARGARET<br>STRYKER,<br><br>     Intervening Plaintiffs. |  |
| ARTHUR SCHMAUDER, ELIZABETH<br>MCGUIRE, and BLUE WATERS<br>RETREAT, LLC,<br><br>     Intervening Defendants. | Cite as 2023 VI Super 9U |

**MICHAEL FITZSIMMONS, Esq.**
**MATTHEW DUENSING, Esq.**
Duensing & Casner
900 Buccaneer Mall, Bldg. 2, Suite 9
P.O. Box 6785
St. Thomas, Virgin Islands 00804
*Attorneys for Plaintiff and*
*Intervening Plaintiffs*

**CAROL A. RICH, Esq.**
**GREGORY ADAM THORP, Esq.**
5194 Dronningens Gade, Suite 3
At Hibiscus Alley
St. Thomas, Virgin Islands 00802
*Attorneys for Defendant*

**MARK D. HODGE, Esq.**
Hodge & Hodge
1340 Taarneberg
St. Thomas, Virgin Islands 00802
*Attorneys for Intervening Defendants*

**CARTY, RENÉE GUMBS, Judge**

## MEMORANDUM OPINION

¶1     **THIS MATTER** is before the Court on three motions for summary judgment filed by Defendant Streibich ("Defendant" or "Streibich") and Intervening Defendants (jointly "Defendants"). Defendant Streibich filed his first motion for summary judgment on October 14, 2022. Plaintiff

Kaplanek, III ("Kaplanek" or "Plaintiff") and Intervening Plaintiffs (jointly "Plaintiffs") filed their opposition on November 7, 2022, and Defendant Streibich filed his reply on November 21, 2022.

¶2 Then, on February 15, 2023, Intervening Defendants filed their motion for summary judgment and Defendant Streibich filed his second motion for summary judgment. Plaintiffs and Intervening Plaintiffs filed their oppositions on March 17, 2023. Since the arguments within each motion are similar or have been previously addressed by Defendant Streibich's motion to dismiss, the Court will address all three motions in this opinion. For the following reasons, all three motions will be denied.

## I. Procedural and Case History

¶3 In 1958, Marshall and Sidney Dierssen (the "Dierssens") subdivided 100 acres into 19 parcels and created a private road system in Parcel 4, Estate Tabor & Harmony, on St. Thomas, Virgin Islands. The subdivision plan, PWD B9031-T57 ("T57") depicts the individual parcels, their acreage, the metes and bounds of each, and three roads labeled "private road." Spanning across parcels 4-22, 4-25, 4-26, 4-27, and 4-28[1] is a depicted right of way ("R.O.W."). The heart of this dispute is the use and scope of the R.O.W. as depicted on T57.

¶4 In June 1995, Karen Underwood[2] initiated this lawsuit claiming, *inter alia*, that there was an easement across 4-26 for the benefit of 4-27 where the R.O.W. is located on T57. Since then, the parties have engaged in nearly 28 years of litigation and some fact discovery. To date, Plaintiffs maintain, and the Court has determined, there is an implied easement over the R.O.W. and the scope of the easement provides drivable access from 4-26 to their parcels, 4-27 and 4-28. Defendant Streibich and Intervening Defendants insist the R.O.W. is nothing more than a "footpath" as the Dierssens had already deeded portions of the R.O.W. in fee simple before Plaintiffs' lots were

---

[1] Defendant Streibich owns parcel Nos. 4-22A and 4-26. Intervening Defendants own 4-22B and 4-25. Plaintiff Kaplanek, III owns 4-27 and Intervening Plaintiffs own 4-28.

[2] On March 4, 2022, the Court accepted and substituted Underwood's son as Plaintiff.

conveyed. In 2021, the Virgin Islands Supreme Court held there was an implied easement across 4-26 and it is located on the R.O.W. as depicted on T57. The Supreme Court remanded this matter for this Court to determine that precise location and scope of the easement.

## I. Overview of the Different Motions

### a. Defendant Streibich's Motions for Summary Judgment

¶5    In his motions, Defendant Streibich argues that the scope of the easement by implication is limited to nothing more than a "footpath" for several reasons:

(1.) Under the principles of contract interpretation, the evidence to determine the parties' intent, and thus the scope, is limited to the actions of the Dierssens at the time they deeded out portions of the subdivision;

(2.) That the Dierssens deeded away parts of the R.O.W. before the execution of the deeds to 4-26, 4-27, and 4-28, therefore they did not have title to the section of the R.O.W. crossing 4-22 at the time the others were deeded;

(3.) The conveyances of 4-26 and 4-28 did not reference T61 or T62, thus showing the Dierssens' plain intent that 4-27 and 4-28 should have driveway access from the lower road turnaround only;

(4.)Because neither the Dierssens nor the Plaintiffs' predecessors in interest constructed the R.O.W. and left it untouched for decades the scope is limited; and

(5.)The R.O.W. across 4-26 was abandoned by Plaintiffs' predecessors in interest when 30 years passed without clearing or constructing the R.O.W. and multiple conveyances were made without reference to T57.

In his first motion, Defendant Streibich also argues that Plaintiffs cannot bring claims for easements by prescription and estoppel. The second motion for summary judgment reiterates the arguments regarding the scope of the easement, but acknowledges the Plaintiffs have dismissed or waived their claims for an easement except the easement by implication, as determined by the Supreme Court. Accordingly, the Court will not address Defendant Streibich's arguments regarding the claims for easements by prescription or estoppel.

### b. Intervening Defendants' Motion for Summary Judgment

¶6    The arguments made by the Intervening Defendants are similar to those made by Defendant Streibich. In their motion, Intervening Defendants argue:

3

(1.) The deed conveying Parcel No. 4-27 to Susan Lugo was void, thus there can be no easement rights conveyed by the deed;

(2.) Even if the deed was not void, T57 is not part of Parcel No. 4-22's title, therefore when the Dierssens conveyed 4-22 without reference to T57 they no longer could grant an easement over that section of the R.O.W. to the subsequent purchasers; and

(3.) The Dierssens' deed for Parcel No. 4-26 conveyed fee simple title to the portion of the Proposed T61 Estate Road that would have otherwise connected to the boundary of Parcel No. 4-27, thus the Dierssens could not grant any easement rights over the proposed estate roads represented by T61 or T62.

Intervening Defendants' first argument regarding the validity of the administration of the deed from the Dierssens' Estate to Susan Lugo in 1990 has been previously addressed by Defendant Streibich's motion to dismiss and a memorandum opinion dismissing those arguments as unfounded in Virgin Islands law.[3]

¶7     Defendants' arguments can be summed up into two legal premises: (1.) because the Dierssens conveyed Parcel No. 4-22 first, and without reference to T57, the Dierssens did not subsequently have the right to grant the owners of 4-27 and 4-28 an easement over that portion of the T57 R.O.W. and (2.) because the Dierssens conveyed this part of the R.O.W., the intended scope must be nothing more than a footpath.

### c.  Plaintiffs' Arguments in Opposition

¶8     The arguments in all three motions are substantively similar, or have been addressed in Defendants' motion to dismiss, therefore the Court finds it appropriate to address all arguments in one opinion and rule on the merits accordingly.  Plaintiffs primary argument is that the evidence shows the easement is wider than a footpath, being close to 20 feet in width and even wider in some

---

[3] *See* the Court's memorandum opinion dated March 23, 2023. Intervening Defendants argue on similar grounds as Defendant Streibich that the 1990 conveyance from the Dierssens' Estate to Susan Lugo of Parcel No. 4-27 is void. Namely, they argue that because the Probate Court in Farmington, Connecticut approved of the sale and an ancillary probate matter was not opened in the Virgin Islands, the deed and all subsequent conveyances are void. As this Court stated, Virgin Islands law authorizes the sale of property from an estate so long as the sale was in accordance with the laws of that state. Here. the Court found there was no evidence to suggest the Probate Court of Farmington, Connecticut acted improperly nor that the administration of the state was invalid. Accordingly, this Court finds the conveyance to Susan Lugo, and all subsequent conveyances of 4-27 valid.

areas. They assert that the dimensions of the R.O.W. on multiple maps and surveys do not support the Defendants' argument that the easement is a footpath and rather, that the path provides drivable access across the R.O.W. from 4-26 to 4-27 and 4-28. Further, Plaintiffs argue that Defendants' arguments regarding abandonment and past use fail because of the Stryker's known use of the R.O.W. over the last 20 years. Ultimately, they argue that the Virgin Islands Supreme Court has held that there is an implied easement over 4-26 for the benefit of 4-27 and 4-28 and it is up to this Court to determine the precise location and scope of that easement; thus, there are genuine issues of material fact left in dispute and the issues regarding scope of the easement should not be determined on summary judgment. The Court agrees with Plaintiffs.

## III. Standard of Review

¶9     Pursuant to V.I.R. Civ. P. 56, the Court must "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Todman v. Hicks*, 70 V.I. 430, 436 (V.I. Super. Ct. 2019). "[A] fact is deemed material if it affects the outcome of a cause of action, and a dispute over a 'material fact' is genuine if the evidence is such that a verdict could be returned in favor of the nonmoving party." *Underwood v. Streibich*, 70 V.I. 179, 191 (V.I. Super. Ct. 2019). The court's role is "not to determine the truth, but rather to determine whether a factual dispute exists that warrants a trial on the merits." *Kirkland v. Feddersen*, 2023 WL 1777231 *5 (V.I. Super. Ct.) (quoting *Davis v. Milligan*, 2020 WL 13261002 *2 (V.I. Super. Ct. 2020)). "Because summary judgment is a drastic remedy, it should be granted only when 'the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of

law.'" *United Corp. v. Tutu Park Ltd.*, 55 V.I. 702, 707 (V.I. 2011) (quoting the former wording of

Fed. R. Civ. P. 56(c)). [4]

## IV. LEGAL DISCUSSION

**A. The Dierssens did not intend to deed away parts of the R.O.W. when conveying 4-22A and B as Defendants argue, because the Dierssens explicitly incorporated by reference T61 and T62 into the deeds to those parcels which created an estate road that suggests Plaintiffs have the right to traverse.**

¶10    To begin the analysis, the Court will determine if the Plaintiffs have access over the portions

of the T57 R.O.W. that crosses over 4-22A and 4-22B. Defendants both argue that because the

Dierssens conveyed 4-22A and 4-22B without reference to T57, the Dierssens in effect, conveyed

away those portions of the R.O.W., therefore Plaintiffs do not have an implied easement over 4-22A

or B. To support their argument, they rely on the premise that a grantor can only convey rights over

land which they own. *See* Rest. (Third) of Property: Servitudes § 2.13 (2000); *see also Stankiewicz v.

Miami Beach Ass'n Inc.*, 191 Conn. 165, 170 (Conn. 1983) (holding "As to easements, '[n]o right of

way appurtenant can be created without a dominant as well as a servient estate.... The dominant estate

enjoys the benefit of the way, and the servient estate bears the burden. The way can become legally

attached to the dominant estate only if the same person has unity of title to both the way and the

dominant estate.'" (quoting *Curtin v. Franchetti*, 156 Conn. 387, 389 (1986)). Thus, Defendants

argue, the Plaintiffs do not have an implied easement over 4-22A and 4-22B because when those

parcels were conveyed their deeds did not reference T57, but instead referenced two other maps T61

and T62.

---

[4] In the Virgin Islands, V.I.R. Civ. P. 56 governs motions for summary judgment and is substantially similar to the Federal rule. "Under Rule 56, '[a] party may move for summary judgment, identifying each claim or defense - or the part of each claim or defense - on which summary judgment is sought" and "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *St. Croix Financial Center, Inc. v. Jackstar, Inc.*, 76 V.I. 156, 162 (V.I. Super. Ct. 2022).

¶11    On March 15, 1962, 4-22A was conveyed by reference to T61 and on November 9, 1962, 4-22B was conveyed with reference to T62.[5] Subsequently, parcels 4-26[6], 4-27[7], and 4-28[8] were conveyed with reference to T57 only. Defendants provide the detailed history of the conveyances to bolster the theory that because neither the deeds to 4-22A nor 4-22B references T57, the Dierssens no longer had the authority to grant an easement affecting those parcels. Further, they argue that the estate road shown on T61 and T62 is indicative of the Dierssens' intent to diminish the T57 R.O.W. and give those sections of the R.O.W. to the owners of 4-22A and 4-22B in fee simple. The Court disagrees.

¶12    The Virgin Islands Supreme Court has held that T57 "creates 'an inference that the parties intended for there to be an easement' [across the R.O.W.]" *Streibich v. Underwood*, 74 V.I. 488, 506 (V.I. 2021). Additionally, the Supreme Court acknowledged that T61 and T62 "replac[ed] the portion of the original R.O.W. running across parcel 4-22 with an estate road running along approximately the same path." *Streibich v. Underwood*, at fn 15. Thus, Plaintiffs do not need to show that the Dierssens had the right to convey an easement over 4-22A and 4-22B, as Defendants suggest, instead, Plaintiffs only need to show that they have the right to use the estate road across 4-22A and 4-22B. As explained by the Supreme Court, Plaintiffs can traverse the proposed estate road because the Dierssen deeds explicitly provide for an easement over "all roads in Parcel No. 4 which are now in existence or shall hereafter be constructed for ingress and egress from the Public Road or otherwise…" *Streibich*, at 502. Therefore, the Defendants argument over whether the Dierssens had authority to grant an easement across the R.O.W. as it affects 4-22 is misplaced.

---

[5] Defendants' first motion at 2.
[6] Parcel 4-26 was conveyed on November 9, 1962.
[7] Parcel 4-27 was conveyed on March 30, 1990.
[8] Parcel 4-28 was conveyed on April 23, 1963.

¶13    The Dierssens did not need to reference T57 in the deeds to 4-22A or 4-22B because it is evident from T61 and T62 the Dierssens intended for an estate road to replace that section of the R.O.W. Defendants argue that the title-holders to 4-22A and 4-22B have title over these estate roads; however, this would completely undermine the Dierssens subdivision plan. Further, as noted by the Supreme Court, the deeds to both 4-22A and 4-22B state that the deed is subject to "a perpetual easement ... to run with the land over all roads in Parcel No. 4 which are now in existence or shall hereafter be constructed...."[9]

¶14    Furthermore, notwithstanding the fact that T61 and T62 created an estate road, despite Defendants contentions that they own the estate roads in fee simple, the deeds to 4-22A and 4-22B make clear that the proposed estate roads are not part of the deeded property. The deed to 4-22A describes the bounds of the property and states: "[t]he whole comprising an area of 1.03 U.S. Acres." When compared to T61, the map the deed incorporates by reference, the parcel is 1.03 acres not including what is designated as the estate road. Similarly, the deed to 4-22B states: "[t]he whole comprising an area of 1.0 U.S. Acre not including right-of-way." Likewise, T62 shows 4-22B as 1.0 acre "not including R.O.W." Accordingly, as the parties are in dispute over these parcel boundaries and who retains title to the estate road as depicted on T61 and T62, the Defendants argument fails for several reasons and the Court finds there are still genuine issues of material fact that require a trial on the merits.

**B. There is a genuine issue of material fact over the scope of the T57 R.O.W.**

¶15    In determining the scope of an implied easement, the ultimate question is that of the grantor's intent. *See Streibich*, at 506. While evidence such as maps may be indicative of that intent, if the evidence can be rebutted or countered by other circumstances, the court must take that into

---

[9] Intervening Defendants Ex. F, Deed to Parcel No. 4-22A.

consideration as well. *Id.* As stated, the Supreme Court has already determined that the Plaintiffs have an implied easement over the R.O.W. as shown on T57. Defendants argue that the Dierssens only intended for what is left of this easement to be nothing more than a footpath.

¶16    To support their contentions, Defendants again argue that because the Dierssens conveyed away parts of the R.O.W., they must have intended to reduce the R.O.W. thereby allowing only the owners of 4-22A and 4-22B to have access to those portions of the R.O.W. Defendant Streibich also argues that this intent is shown by the Dierssens creation of a lower road turnaround point which would allow 4-27 and 4-28 to access their parcels. He further posits that because neither the Plaintiffs nor their predecessors-in-interest constructed the R.O.W. and left it untouched, and multiple conveyances occurred without reference to T57, the R.O.W. was abandoned.

¶17    In response, Plaintiffs posit that they do not have to argue that they have an easement by implication, because the Supreme Court has ruled they have one, and the only issue left to be determined is the scope of that easement. They argue that Defendants' arguments fail on summary judgment for multiple reasons, including that their survey report shows the R.O.W. is at least 20 feet wide and there is no evidence supporting the Dierssens' intent to limit the R.O.W. to a footpath. They further contend the Defendants' arguments that the path is an abandoned dirt road that can never be drivable is incorrect as not only have the Strykers accessed their parcel by automobile across the R.O.W. since 2001, but they have also cleared the land. The Court agrees with Plaintiffs.

¶18    Defendants focus on the conveyances of 4-22A and 4-22B to establish the Dierssens' intent over the R.O.W. However, their persistence that T61 and T62 effectively reduced the R.O.W. to become almost non-existent is unpersuasive. The estate road follows the same zigzag pattern as indicated on the R.O.W. and leads in the same direction as the R.O.W. Thus, it is unconvincing that there is no plausible way this estate road is somehow different than what was intended by the

Dierssens in originally creating the R.O.W. What is more plausible is that the Dierssens created this portion of the estate road and established it as such, and then for simplicity in subsequent conveyances referred to T57 as it depicted the entire subdivision plan. Defendants are making much ado about T61 and T62, when those maps were created solely for purpose of subdividing 4-22, a single 2-acre plot, within the larger subdivision of Parcel 4 as reflected on T57. T57 precedes T61 and T62, therefore the Court cannot assess T61 and T62 without considering T57. Moreover, the Supreme Court rejected Defendant Streibich's argument that the creation of the estate road is evidence of the Dierssens' intent to diminish the R.O.W. and held that T57 provides a complete map of the subdivision whereas T61 and T62 only show parcels 4-22A and 4-22B, and therefore are of only limited significance when determining the Dierssens intent. *See Streibich*, at fn 15.

¶19 Further, Defendant Streibich's arguments regarding abandonment and non-use to determine scope are also unpersuasive. His argument is based on the fact that no one has used the land in the last thirty (30) years. However, this argument is disingenuous because it is not for a lack of trying by the Plaintiffs. Stryker has driven on more than one occasion across the road and attempted to clear the dirt road along what he believed to be the R.O.W. in order to gain access to his parcel. While the Supreme Court held this dirt road is not the precise location, that is exactly why the issue is now before this Court. Defendant Streibich cannot use the Supreme Court's ruling that the dirt road is not in the proper location to argue Plaintiffs have never attempted to use the R.O.W. When in fact the Plaintiffs have been trying to use the R.O.W. since the initiation of this lawsuit in 1995. Furthermore, the Defendants have tried to stop the Plaintiffs at every attempt they've made to clear the road, which is further evidenced by the Defendants' motions to show cause filed on October 3, 2021, and February 3, 2023. Thus, abandonment is not a foregone conclusion. Furthermore, as Plaintiffs have properly noted, because this "court erred in implicitly determining the scope of the easement on summary

10

judgment," *Streibich v. Underwood*, 74 V.I. 488, 510 (V.I. 2021), "[t]his Court should not now limit the scope of the R.O.W. by summary judgment, just as it could not determine the scope of the easement by summary judgment when the issue was before the Court on Plaintiff's 2010 motion for summary judgment." Pl. Oppn. 4. Accordingly, the Court finds these genuine issues of material fact are still in dispute.

## V.    CONCLUSION

¶20    While Defendants contend that because the Dierssens conveyed portions of the R.O.W. to the title-holders of 4-22A and 4-22B the scope of the R.O.W. is limited to a footpath, this Court disagrees. The Court will not consider T61 and T62 maps without taking T57 into consideration. The scope of the easement cannot be determined at the summary judgment stage as all parties genuinely dispute the exact location, width, and permitted uses. After a trial on the merits, the Defendants may prevail in their theory; however, at this juncture there are still genuine issues of material fact and therefore all three motions for summary judgment are denied. An Order of even date follows.

Dated: March 23, 2023

**Renée Gumbs Carty**
Senior Sitting Judge, Superior Court
of the Virgin Islands

ATTEST:
Tamara Charles
Clerk of the Court

By: _____
ᴫx   Donna D. Donovan
Court Clerk Supervisor 3 /23/ 2023